IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr243-MHT |
| | ) | (WO) |
| JOSE OCAMPO-GONZALEZ, | ) | |
| KRISTOPHER KASHIF BAKER, | ) | |
| ROBERT REYNOLDS, JR., | ) | |
| HOWARD JAMES SMITH, and | ) | |
| WILLIAM DCORY MAURICE | ) | |
| EASTERLY | ) | |

OPINION AND ORDER

This cause is before the court on motions to continue by three of the defendants in this five-defendant case: Jose Ocampo-Gonzalez, Kristopher Kashif Baker, and Howard James Smith. For the reasons set forth below, the court finds that jury selection and trial, now set for December 3, 2018, should be continued pursuant to 18 U.S.C. § 3161(h)(7), for Ocampo-Gonzalez, Baker, and Smith, as well as for co-defendants Robert Reynolds, Jr. and William Dcory Maurice Easterly.

While the granting of a continuance is left to the discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the

defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of Baker, Smith, and the public in a speedy trial. As the motions explain, Smith has recently obtained new lead counsel who represents that he needs more time to ascertain evidentiary suppression issues in this case. Moreover, a superseding indictment has been filed adding 27 counts to the one conspiracy count charged in the original indictment. Based on the filing of the superseding indictment, Smith and Baker request more time to prepare for the additional charges against them. Furthermore, counsel for Ocampo-Gonzalez says she *may* have trial in another matter commencing also on December 3. A continuance is therefore warranted and necessary to allow counsel for Smith and Baker to prepare adequately for trial; the court cannot say that Ocampo-Gonzalez's stated ground is adequate.

In a case involving a single trial for multiple co-defendants, if the court finds the ends of justice outweigh the interest of one of the defendants and the public in a speedy trial, the Act excludes the continuance from the 70-day period for that defendant as well as all co-defendants. *See* 18 U.S.C. § 3161(h)(6) ("A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted" shall be excluded in computing the time within which the trial of any such offense must commence). Moreover, counsel for Easterly and Reynolds do not object to a continuance, and Ocampo-Gonzalez says he wants a continuance. The court concludes that the ends of justice served by granting a continuance outweigh the interest of Ocampo-Gonzalez, Easterly, Reynolds, and the public in a speedy trial.

Finally, the government does not object to a continuance for all defendants.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) Defendants Howard James Smith's, Jose Ocampo-Gonzalez's, and Kristopher Kashif Baker's motions to continue (doc. nos. 180, 182, & 183) are granted.

(2) The jury selection and trial for defendants Smith, Ocampo-Gonzalez, and Baker, as well as for defendants Robert Reynolds, Jr. and William Dcory Maurice Easterly, now set for December 3, 2018, are reset for February 11, 2019, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 27th day of November, 2018.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**