IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr243-MHT |
| | ) | (WO) |
| JOSE OCAMPO-GONZALEZ and | ) | |
| ROBERT REYNOLDS, JR | ) | |

OPINION AND ORDER

This cause is before the court on defendant Jose Ocampo-Gonzalez's written motion to continue his trial and the government's oral motion to continue trial, made on the record on March 29, 2019, for unsevered co-defendant Robert Reynolds, Jr. as well as Ocampo-Gonzalez. For the reasons set forth below, the court finds that jury selection and trial, now set for April 8, 2019, should be continued pursuant to 18 U.S.C. § 3161(h)(7), for Ocampo-Gonzalez and Reynolds.

While the granting of a continuance is left to the discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the

court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of Ocampo-Gonzalez, Reynolds, and the public in a speedy trial. As Ocampo-Gonzalez's written motion explains, his defense counsel cannot be prepared for a trial by April 8, and also requires additional time to negotiate a potential settlement of this case prior to trial. The government also orally moved for a continuance for Reynolds in light of a continuance for Ocampo-Gonzalez and the ongoing BOP mental competency evaluation of another unsevered co-defendant (Howard James Smith) in this case, the report for whom will not be filed until after the April 8 trial date and whose trial has been continued generally. *See* 18 U.S.C. § 3161(h)(1)(A) (Speedy Trial Act excludes from the 70-day period any delay resulting from a defendant's mental-competency evaluation). Reynolds's counsel does not object to a continuance.

Therefore, the court concludes that a continuance is warranted as to Ocampo-Gonzalez as well as to

Reynolds. *See* 18 U.S.C. § 3161(h)(6) (Speedy Trial Act excludes from the 70-day period "A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted").

\*\*\*

Accordingly, it is ORDERED as follows:

(1) Defendant Jose Ocampo-Gonzalez's motion to continue trial (doc. no. 310), and the government's oral motion to continue trial (doc. no. 311) for both defendants Ocampo-Gonzalez and Robert Reynolds, Jr., are granted.

(2) The jury selection and trial for defendants Ocampo-Gonzalez and Reynolds, now set for April 8, 2019, are reset for June 24, 2019, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 1st day of April, 2019.

                               /s/ Myron H. Thompson
                               **UNITED STATES DISTRICT JUDGE**